# FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRETTA SANTINI POLLARA,<br><br>         Plaintiff - Counter-defendant - Appellee,<br><br>  And<br><br>SANTINI PRODUCTIONS, a Nevada Corporation; OCEANAIR, INC., a Massachusetts Corporation,<br><br>         Counter-defendants - Appellees,<br><br>  v.<br><br>RADIANT LOGISTICS, INC., a Delaware Corporation,<br><br>         Defendant - Counter-claimant - Appellant,<br><br>  And<br><br>DBA DISTRIBUTION SERVICES, INC., a New Jersey Corporation,<br><br>         Intervenor - Appellant. | No. 14-56025<br><br>D.C. No. 2:12-cv-00344-GAF-JEM<br><br>MEMORANDUM[*] |

---

       [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

BRETTA SANTINI POLLARA,

        Plaintiff-counter-defendant,

  And

RADIANT LOGISTICS, INC., a Delaware Corporation,

        Defendant-counter-claimant - Appellee,
  And

DBA DISTRIBUTION SERVICES, INC., a New Jersey Corporation,

        Intervenor - Appellee,

 v.

OCEANAIR, INC., a Massachusetts Corporation,

        Counter-defendant - Appellant.

No. 14-56318

D.C. No. 2:12-cv-00344-GAF-JEM

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted May 2, 2016
Pasadena, California

Before: PREGERSON, BYBEE, and N.R. SMITH, Circuit Judges.

These two appeals arise from a dispute between an employer and its former employee who quit her job and started a competing freight forwarding business. The employer is DBA Distribution Services, Inc., and its parent company Radiant Logistics, Inc. (collectively, "Counterclaimants"). The employee is Bretta Santini Pollara ("Santini").

Santini sought a declaratory judgment in Los Angeles Superior Court against Counterclaimants, stating that she was not bound by a non-compete agreement between her husband, Paul Pollara ("Pollara") and Counterclaimants. Counterclaimants then removed this action to U.S. District Court in the Central District of California under diversity jurisdiction and brought a counterclaim against Santini, her company Santini Productions, Inc., and competitor Oceanair, Inc. (collectively, "Counterdefendants") for misappropriation of trade secrets in customer information. Counterclaimants also brought a claim against Oceanair for inducing Pollara to breach the non-compete agreement.

At a jury trial, after Counterclaimants completed their case in chief, the district court granted Oceanair's Rule 50(a) motion for judgment as a matter of law with respect to the inducement to breach claim, and the trial proceeded.

3

After the jury found for Counterclaimants on the trade secrets claim, the district court granted Counterdefendants' Rule 50(b) renewed motion for judgment as a matter of law, thereby vacating the trade secrets portion of the jury verdict. Counterclaimants appeal both Rule 50 judgments (14-56025), and Oceanair appeals the district court's order denying its motion for attorneys' fees (14-56318). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review the district court's grant of Rule 50 motions for judgment as a matter of law de novo. *Harper v. City of Los Angeles*, 533 F.3d 1010, 1021 (9th Cir. 2008). At the time Oceanair allegedly caused Pollara to breach the Merger Agreement, Pollara had already violated the agreement at least once. Further, Counterclaimants have not established that Oceanair induced Pollara's breach in September of 2011. *Hahn v. Diaz-Barba*, 125 Cal. Rptr. 3d 242, 258 (Cal. Ct. App. 2011) (listing causation as an element of the tort of inducement to breach a contract). Thus, the district court did not err in granting Oceanair's Rule 50(a) motion on the inducement claim.

2. Under the California Uniform Trade Secrets Act, Cal. Civ. Code § 3426, *et seq.*, a customer list may constitute a protected trade secret if it includes non-public information that provides a "substantial business advantage" to competitors. *See Morlife, Inc. v. Perry*, 66 Cal. Rptr. 2d 731, 736 (Cal. Ct. App. 1997).

4

Counterclaimants failed to prove a prima facie case of trade secrets misappropriation because the evidence at trial established that the customer lists included only contact information that was widely known or available on industry websites. The lists did not include non-public information like the customer's "particular needs or characteristics." *Id*. at 735. That Santini had specialized expertise and good relationships with Counterclaimants' customers does not convert the otherwise unprotected customer lists into protected trade secrets. Therefore, no evidence supported Counterclaimants' contention that they possessed a trade secret in the customer lists, and the district court did not err in granting Counterdefendants' Rule 50(b) renewed motion on the trade secrets claim.

3. We review the district court's denial of attorneys' fees for abuse of discretion. *Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc.*, 260 F.3d 1054, 1058 (9th Cir. 2001). An award of attorneys' fees is proper where the court finds both objective speciousness and subjective bad faith. *Gemini Aluminum Corp. v. Cal. Custom Shapes, Inc.*, 116 Cal. Rptr. 2d 358, 368 (Cal. Ct. App. 2002) (citing Cal. Civ. Code § 3426.4). The district court found that Counterclaimants did not act in subjective bad faith. Because Counterdefendants have not shown that the district court abused its discretion in so finding, we need not decide whether Counterdefendants showed that the Counterclaimants' actions were

5

objectively specious.

**AFFIRMED**.